UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

In re:  )  Chapter 7
        )  No. 11-42045-MSH
THOMAS S. LAWRENCE AND LINDA )
C. LAWRENCE )
        )
    Debtors )

**MEMORANDUM AND ORDER ON TRUSTEE'S OBJECTION TO DEBTORS' AMENDED CLAIM OF EXEMPTION**

This contested matter raises the question what is a residence for purposes of eligibility for the $21,625 per debtor exemption under Bankruptcy Code § 522(d)(1), (11 U.S.C. § 101 *et seq.*). The material facts are undisputed.

On May 12, 2011, Thomas and Linda Lawrence filed a voluntary chapter 13 bankruptcy petition to forestall a pending foreclosure of the mortgage on their home at 72 Kemp St. in Groton, Massachusetts. On June 29, 2011, the case was converted to chapter 7. On the first page of their bankruptcy petition, the Lawrences declared their street address to be 72 Kemp St., Groton. In addition to the Groton property, on the petition date the Lawrences owned a condominium located at 3 Church St. in York, Maine.

On schedule C to their bankruptcy petition the Lawrences claimed an exemption in the Maine condominium, invoking the Massachusetts homestead exemption pursuant to Mass. Gen. Laws ch. 188 § 3. David M. Nickless, the chapter 7 trustee in this case, filed an objection to the debtors' claimed exemption asserting that the Massachusetts homestead exemption did not protect out of state property. In response, the debtors sought and were granted leave to file an amended schedule C switching from state to federal exemptions and declaring the Maine condominium

1

exempt under Bankruptcy Code § 522(d)(1) which provides:

> The following property may be exempted under subsection (b)(2) of this section: (1) The debtor's aggregate interest, not to exceed $21,625 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

The trustee promptly objected to the amended claim of exemption, on the grounds that neither the debtors nor any of their dependents used the Maine condominium as a residence on the petition date. The trustee conceded, however, that the condominium would qualify for the so-called "wild card" exemption under § 522(d)(5), albeit in a considerably lower amount.

In response to the trustee's objection, the Lawrences asserted that while they lived in the Groton property for many years, the foreclosure efforts with respect to that property prompted them to relocate to Maine in the days just prior to their filing for bankruptcy relief.

The parties appear to have chosen to do battle over which of the two properties was the debtors' principal residence on the bankruptcy petition date. The trustee favors the Groton home, pointing to the bankruptcy petition itself in which the debtors listed their address as Groton. The trustee characterizes the Maine condominium as a vacation home used by the debtors seasonally or sporadically. The Lawrences counter that on the petition date they were actually using the Maine condominium as their residence and intended to reside there permanently. Their intent was manifested, they say, by hiring, just prior to filing bankruptcy, a moving and storage company to transport the contents of their Groton home to a storage facility in York, Maine for eventual delivery to the condominium.

Had this been a dispute over the application of the Massachusetts homestead exemption statute, which expressly applies to a person's "principal residence," it would be necessary to delve

2

into the fact-finding suggested by the parties. But it is the federal exemption that is now being asserted and that exemption is not limited to a principal residence.

While the Bankruptcy Code does not define "residence," the term is not ambiguous. According to *Black's Law Dictionary* a residence is "the place where one actually lives," and elaborates that a person thus may have "more than one residence at a time." BLACK'S LAW DICTIONARY 1423 (9th ed. 2009). That a person can have multiple residences is proven not merely by reading the obituaries[1] but by the existence of the ubiquitous construct "principal residence." As has been observed previously, this is the phrase found in the Massachusetts homestead statute. It is also used repeatedly in the Bankruptcy Code, just not in § 522(d). Bankruptcy Code § 101(13A), somewhat self-referentially, defines the term "debtor's principal residence" as

> a residential structure if used as the principal residence by the debtor including incidental property, without regard to whether that structure is attached to real property; and includes an individual condominium or cooperative unit, a mobile or manufactured home, or trailer if used as the principal residence by the debtor.

The term appears in §§ 1123(b)(5) and 1322(b)(2), sections which mirror each other and provide that a plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's *principal residence*, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims." (emphasis added).[2]

We "must presume that [the] legislature says in a statute what it means and means in a

---

[1] For example, recently deceased reporter Mike Wallace maintained residences in both Manhattan and Martha's Vineyard. *See* Tim Weiner, *Mike Wallace, CBS Pioneer of '60 Minutes,' Dies at 93*, N.Y. TIMES, Apr. 9, 2012, at A1.

[2] The Bankruptcy Code also uses the phrase "debtor's primary residence" in Bankruptcy Code § 707(b)(2)(A)(iii)(II).

3

statute what it says there." *Dodd v. United States*, 545 U.S. 353, 357 (2005) (citing *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992)). By choosing not to limit the residence qualified for exemption under § 522(d) to a principal or primary residence, Congress presumably intended to encompass a broader category than principal residences, namely any residence. That Congress was deliberate in its terminology is manifested in Bankruptcy Code § 522(p). Section 522(p)(1) which caps a debtor's state law exemption at $146,450 for property acquired within 1215 days of the bankruptcy petition date refers to property "used as a residence" while § 522(p)(2) which contains two exceptions to § 522(p)(1) uses the term "principal residence." In capping the residential real estate exemption to discourage pre-bankruptcy homestead shopping, Congress sought to be as expansive as possible, extending the cap to include any residence acquired during the 1215-day period prior to bankruptcy. In codifying two exceptions to the cap, Congress chose to be as narrow as possible, limiting the exception to principal residences only.

The only other requirement for eligibility under § 522(d)(1) is that the debtor "uses" the residence. The Code speaks in the present tense which indicates that usage must transcend the petition date or at least exist as of the petition date. Thus where a debtor had never used a residence prior to filing, bankruptcy courts have held that the residence may not be exempted under § 522(d). (*See, e.g.*, *In re Gandy*, 327 B.R. 807 (Bankr. S.D. Tex 2005); *In re Cole*, 185 B.R. 95 (Bankr. D.Me. 1995))[3]. Here, there is no dispute that on the petition date the Lawrences were using the Maine condominium. The trustee claims they were using it as a vacation home, the Lawrences say they were in the midst of relocating there permanently. Either way it was being used.

To sum up, on the date of their bankruptcy petition the Lawrences owned two residences,

---

[3] *In re Cole* dealt with the Maine homestead statute, ME. REV. STAT. tit. 14, § 4422 (2003), but that statute is identical to Bankruptcy Code § 522(d) insofar as its terminology "uses as a residence."

4

one in Massachusetts and one in Maine. They used them both. They were entitled to exempt either one, but only one, under § 522(d)(1). They elected to exempt the Maine condominium. The trustee's objection, therefore, is OVERULED.

At Worcester, Massachusetts this 2nd day of May, 2012.

By the Court,

Melvin S. Hoffman
U.S. Bankruptcy Judge

Counsel Appearing:   David M. Nickless,
Nickless, Phillips and O'Connor
Fitchburg, MA
for the trustee

Jacob T. Simon
Liss Law, LLC
Brookline, MA
for the debtors

5